1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Christyanna Karpenski,

    Plaintiff,

vs.

American General Life Companies, LLC, d/b/a American General, d/b/a AG Benefit Solutions Connecticut Claim Center; The United States Life Insurance Company in the City of New York, d/b/a US Life; and Seabury & Smith, Inc. d/b/a Marsh U.S. Consumer, d/b/a Marsh Affinity Group Services,

    Defendants.

Case No. C12-1569 RSM

QUALIFIED PROTECTIVE ORDER

21  Pursuant to the stipulation of the parties, the Court **HEREBY ORDERS** the entry of
22  this Qualified Protective Order pursuant to the Privacy Rules implementing Health Insurance
23  Portability and Accountability Act of 1996 ("HIPAA"), including but not limited to 45 C.F.R.
24  § 164.512(e), as outlined further herein:
25
26

QUALIFIED PROTECTIVE ORDER - 1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 5200
1201 THIRD AVENUE
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

1. In the above-captioned action (the "Litigation"), the current parties and their respective legal counsel, as well as any future parties and their respective legal counsel, are hereby authorized to receive, subpoena, and transmit protected health information ("PHI") pertaining to the Plaintiff, **Christyanna Karpenski**, from any health care provider and/or "covered entity," as defined by 45 C.F.R. § 160.103, that rendered treatment to Plaintiff, **Christyanna Karpenski**.

2. All non-party health care providers, including "Covered Entities," as defined by 45 C.F.R. § 160.103(3), but *not* including any "health plan" or "health care clearinghouse," or "health insurance company," are hereby authorized to disclose PHI pertaining to **Christyanna Karpenski** to all attorneys now of record in this matter or who may become of record in the future of the Litigation, provided that any disclosure of PHI by anyone under this Order may only occur following the presentation of a duly-authorized and HIPAA-compliant Medical and Information Release.

3. For the purposes of this Qualified Protective Order, "PHI" or "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. 160.103 and 45 C.F.R. 160.500. Without limiting the generality of the foregoing, "PHI" includes, but is not limited to, health information, including demographic information relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual which identifies the individual or which reasonably could be expected to identify the individual.

4. The parties and their attorneys shall be permitted to use the PHI of **Christyanna Karpenski** in any manner that is reasonably connected with the Litigation. This includes disclosure to the parties, their attorneys of record, the attorneys' firm (i.e., attorneys, support staff, agents, and consultants), experts, consultants, court personnel, court reporters,

QUALIFIED PROTECTIVE ORDER - 2

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 5200
1201 THIRD AVENUE
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

copy services, trial consultants, jurors, venire members, and other entities involved in the process of the Litigation.

5. PHI produced in the Litigation shall be filed under seal. PHI produced in the Litigation shall not be publicly filed without either a Court Order or the written consent of Plaintiff.

6. At the conclusion of the Litigation as to any defendant, which shall be defined as the point at which final orders disposing of the Litigation as to any defendant have been entered, or the time at which all trial and appellate proceedings have been exhausted as to any defendant, that defendant and any person or entity in possession of PHI received by the defendant shall return to Plaintiff, or destroy, any and all copies of PHI pertaining to **Christyanna Karpenski**.

7. The entry of this Qualified Protective Order does not preclude the parties from filing objections to discovery requests and/or subpoenas in accordance with the applicable Federal Rules of Civil Procedure.

8. This Order shall control and limit the use of PHI pertaining to **Christyanna Karpenski** that comes into the possession of any party or any party's attorney from any source. This Order also applies to PHI produced by Plaintiff, or a "covered entity," as "covered entity" is defined in 45 C.F.R. 160.103, at any point during the course this litigation.

9. This Order is not intended to be a patient authorization for release of PHI or to allow the parties to obtain or access PHI except as otherwise provided under the relevant regulations implementing HIPAA.

//

//

QUALIFIED PROTECTIVE ORDER - 3

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 5200
1201 THIRD AVENUE
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

**SO ORDERED** this 14th day of December 2012.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

CONSENTED TO BY:

/s/ Alycen A. Moss

Alycen A. Moss (Admitted *pro hac vice*)

*Attorney for Defendants*

*The United States Life Insurance Company in the City of New York, American General Life Companies, LLC and Seabury & Smith, Inc.*

/s/ Sean J. Gamble

Sean J. Gamble

*Attorney for Plaintiff, Christyanna Karpenski*

QUALIFIED PROTECTIVE ORDER - 4

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 5200
1201 THIRD AVENUE
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000