UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTYANNA KARPENSKI,

    Plaintiff,

v.

AMERICAN GENERAL LIFE COMPANIES, LLC, d/b/a AMERICAN GENERAL, et al.,

    Defendant.

CASE NO. C12-1569RSM

ORDER ON MOTION FOR A PROTECTIVE ORDER

    This matter is before the Court for consideration of plaintiff's motion for a protective order. Dkt. # 43. The motion concerns plaintiff's requests for certain restrictions, regarding her deposition, in time, place and manner due to her health. Plaintiff asks that her deposition be conducted by telephone because her weakened immune system has left her susceptible to infection. She further asks that the telephonic deposition be limited by two hours at most, with breaks, and that it not start before 11:00 am. As to manner, she asks that the deposition be conducted in a civil, calm, and courteous tone. Defendants have opposed the motion, mainly as to the provision for telephonic deposition. For the reasons set forth below, the motion shall be granted in part and denied in part.

ORDER - 1

1                                BACKGROUND

2        Plaintiff Christyanna Karpenski filed this action for breach of contract, breach of the covenant of
3 good faith and fair dealing (bad faith) and violation of the Washington Insurance Fair Conduct Act
4 ("IFCA") in King County Superior Court.  Her claims arise from a policy of disability insurance issued
5 to plaintiff by defendant United States Life Insurance Company ("US Life").  She applied for the policy
6 on February 15, 2009.  When she subsequently (on some unspecified date) became disabled, she
7 submitted a notice of claim to the administrator in early June, 2009.  Complaint, ¶¶ 26-28.  On May 11,
8 2010, claims administrator American General wrote and advised plaintiff that her claim would not be
9 approved.  *Id*., ¶ 87.  The letter noted several pre-existing conditions indicating a "history of joint and
10 muskoskeletal [sic] disorders."  *Id., ¶* 89-80.  As plaintiff had not disclosed these conditions on her
11 application, defendants declined to offer long-term disability benefits and rescinded the coverage.  *Id*., ¶
12 91

13        Plaintiff filed her complaint for breach of contract, bad faith, and violation of the IFCA in state
14 court on August 15, 2012.  Defendants removed it to this Court and filed an answer with a counterclaim
15 for declaratory relief, asking that the Court find that as a result of material misrepresentations on her
16 application for disability insurance, the policy is void *ab initio* and should be rescinded.  Answer and
17 Counterclaim, Dkt. # 6, ¶ 9.  The case has been bifurcated such that discovery on plaintiff's bad faith
18 and extra-contractual claims has been stayed until the breach of contract and rescission claims have been
19 resolved.  The Court has set a deadline of April 3, 2013, for the filing of cross-motions for summary
20 judgment on these claims.

21        Defendants noted plaintiff's deposition for February 12, 2013, and plaintiff responded with this
22 motion for a protective order.  She suffers from ulcerative pancolitis, and she asserts that her health is
23 too fragile to attend a deposition in person, because of her weakened immune system and the effect of
24 stress on her condition.  Defendants offered various accommodations but would not agree to the
25 telephonic deposition.  This motion for a protective order followed.

26        Each side has moved to strike the testimony of the other's medical witness.  The Court shall rule
27 on the motions to strike before turning to the merits of the motion for a protective order.

28  ORDER - 2

DISCUSSION

I. Rule 26(c) Certification

As an initial matter, the Court finds counsel's Rule 26(c) certification of a good faith effort to resolve this dispute without Court intervention wholly inadequate. Counsel's certification statement simply states, "I certify that I have conferred in good faith with defense counsel in an effort to resolve this issue without Court assistance." Declaration of Sean Gamble, Dkt. # 44, ¶ 14. Plaintiff's Motion, Dkt. # 31, p. 7. The factual recitation prior to this certification references only various email exchanges, which are attached to the declaration. *Id*., ¶¶ 11, 13, and Exhibits E and F.  However, a good faith effort to confer regarding a protective order  requires a face-to-face meeting or telephone conference, and the certification "must list the date, manner, and participants to the conference." Local Rule LCR 26(c)(1).  Plaintiffs' statement does not meet these requirements.

The local rule further provides that "[i]f the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute." *Id*.  While this Court generally enforces the rule on certification requirements, it will in this case address the merits of plaintiff's motion notwithstanding counsel's failure to comply.  Plaintiff's motion raises serious issues which should not be determined by default.  Counsel is advised, however, that the Court will not in the future disregard failures to follow the local rules.

II. Motions to Strike

Plaintiff has supported her motion with two declarations by her primary care physician, Steven M. Hall, M.D. Dkt. ## 45, 46.  In opposing the motion, defendants called the Court's attention to the fact that both declarations are unsworn, and argue that they should not be considered as they do not satisfy the requirements of 28 U.S.C. § 1746.  Plaintiff then filed with her reply a replacement declaration by Dr. Hall, this time with the required language, "under penalty of perjury," that the declaration is true and correct. Dkt. # 60.  Defendants by surreply moved to strike this replacement declaration  as improper new evidence filed in reply, and as untimely. Dkt. # 64.

Defendants supported their opposition to plaintiff's motion for a protective order with the declaration of gastroenterologist Richard Weisiger, M.D., together with the medical records upon which

ORDER - 3

his opinions are based. Declaration of Richard Weisinger, Dkt. # 55, 56. Plaintiff has moved to exclude Dr. Weisiger as a witness, arguing that he has not been properly disclosed as a fact or expert witness. Plaintiff's Reply, Dkt. # 58, citing Fed.R.Civ.P. 26(a). Defendants have opposed the motion to strike by noting that Dr. Weisiger is a rebuttal witness not subject to the disclosure timelines of Fed.R.Civ.P. 26(a). Defendants' Opposition, Dkt. # 63.

In furtherance of the goal of resolving this matter on the merits, the Court will DENY both motions to strike. The Court notes, however, that the original unsworn declarations of Dr. Hall cannot be considered, leaving the declaration filed at Docket No. 60 as the only admissible evidence in support of plaintiff's medical accommodation needs.

III.   Motion for a Protective Order

Plaintiff's motion asks that she be allowed to appear for her deposition by telephone, and that several additional restrictions be placed on the time and manner of deposition. These restrictions are necessary, according to Dr. Hall's opinion, because plaintiff's immune system has been compromised by the medication she takes for her ulcerative pancolitis, and because her condition is exacerbated by stress and fatigue. Declaration of Steven Hall, M.D., Dkt. # 60, ¶¶ 3-8. Dr. Hall also opines that plaintiff is necessarily homebound to limit her exposure to infection, and that travel outside the home to attend a deposition would be risky to her health. *Id*., ¶ 10. Further, he states that as of the date of his declaration, January 25, 2013, plaintiff was suffering a flare-up of her illness, and any deposition must be postponed by six weeks at least. *Id.,* ¶ 11. Dr. Hall's admissible declaration does not set forth his credentials or any factual basis for his opinions; he does not state how long he has been treating plaintiff or even that he has treated her. Dkt. # 60.[1]

Plaintiff's proposed order accompanying her motion sets forth the restrictions as follows:

• Deposition tone:  Civil, calm, and courteous.

---

[1] Dr. Hall's previous, unsworn and inadmissible declaration did state that he is "a physician licensed to practice in this state," that he has "been practicing medicine for 30 years and currently practice[s] at Integral Medicine in Issaquah, Washington," and that he is plaintiff's primary care physician, having treated her for "severe ulcerative pancolitis and its complications since 2009." Dkt. # 46, ¶¶ 2, 3.

ORDER - 4

- Format: Telephonic deposition.

- Time limit per deposition session: 30 to 60 minutes per session, or up to 2 hours so long as there is a significant rest break during the deposition.

- Medication: Plaintiff is prescribed an antianxiety medication, which reduced the damage that stress hormones have on her body, but which will not prevent a full-blown relapse. Plaintiff may take the medication.

- Number of sessions: If Plaintiff is made to be deposed more than one session telephonically, the number of sessions must be limited to ensure her safety. She must be allowed 1 to 3 days of recovery time between sessions to recover.

- Earliest starting time per session 11:00 A.M. (PT).

Proposed Order, Dkt. # 47, p. 2.[2]

Defendants have countered with a declaration by gastroenterologist Richard A Weisiger, M.D., Ph.D. Dr. Weisiger's *curriculum vitae* states that he is Emeritus Professor of Medicine at the University of California, San Francisco, where he taught for over 30 years. Dkt. ## 55, ¶ 1; Dkt. # 56. He was board-certified in gastroenterology in 1981, and Senior Editor of the Gastrointestinal Disease Textbook in 1995 and 1997. *Id*. His list of publications, reviews, appointments, and other service to the profession covers four pages, single-spaced. Dkt. # 56. He has treated many patients with inflammatory bowel disease, including ulcerative pancolitis, over the years. Dkt. # 55, ¶ 2. Dr. Weisiger reviewed plaintiff's medical records, including her records from Northwest Gastroenterology Associates, which he has attached to his declaration. These records cover the period from May 24, 2010, through May 15, 2012, in contradiction of Dr. Hall's unsworn statement that he has been treating plaintiff's ulcerative colitis since 2009.

Dr. Weisiger points out numerous flaws in Dr. Hall's opinions, not limited to the fact that he is not a gastroenterologist. He notes that the studies cited by Dr. Hall (which have now been excluded along with his unsworn declarations) do not support Dr. Hall's conclusions. Declaration of Richard

---

[2] Plaintiff has improperly filed this Proposed Order and other related documents under seal. The Court will address the sealing issues by separate Order, but notes for the purposes of this Order that plaintiff's view of confidentiality is not binding on the Court in writing its Orders.

ORDER - 5

Weisinger, Dkt. # 55, ¶¶ 6-9. He notes that the medical records from Northwest Gastroenterology Associates do not support the conclusion that plaintiff currently suffers from severe ulcerative pancolitis; indeed the latest record, dated May 15, 2012, describes her as "in remission." Nor do her lab markers support the conclusion that she is suffering acute illness at this time. *Id.*, ¶ 10. As to plaintiff's immune status, Dr. Weisiger notes that "[h]er medical records reveal that she is considerably less immune-suppressed than many patients routinely encountered in medical practice"[3] and that protocols developed to protect such patients "should prove effective in protecting plaintiff during her deposition." *Id.*, ¶ 12. He concludes,

> In my professional opinion, requiring [plaintiff] to be deposed in person at a place of her choosing does not present any significant health risks. In deference to Dr. Hall's health concerns, all deposition participants may wear appropriate face masks, gowns, gloves, and hair covers to protect [plaintiff] from infection. She should be allowed to take frequent breaks during the deposition.

*Id.*, ¶ 13.

The Court finds Dr. Weisiger's thorough and reasoned opinion, based on plaintiff's medical records and his own extensive experience with the disease, more convincing that Dr. Hall's conclusory statements such as "stress is known to weaken her immune system." Declaration of Steven Hall, Dkt. # 60, ¶ 4. Nowhere in his admissible declaration does Dr. Hall state when he last saw plaintiff, or even that he has ever seen her. He has attached no medical records which might form the factual basis for his opinions. Nor has plaintiff offered a declaration on her own behalf as to her housebound status, an omission which the Court finds significant. The Court will accordingly give greater weight to the opinion of Dr. Weisiger and deny the request for a telephonic deposition.

CONCLUSION

This is plaintiff's case, in which she has put her medical condition and medical history at issue. Defendants are entitled to discovery to defend against her claims, and to develop evidence in support of

---

[3] The only infection indicated in plaintiff's medical records is sinusitis, which is mentioned in several visits and appears to be chronic. Declaration of Richard Weisiger, Dkt. # 55, pp. 2, 6, 11.

ORDER - 6

1 their own counterclaims.  Plaintiff may not retreat behind the assertion that any discussion or questions
2 based on her health condition so exacerbates that condition that it should not be allowed.  On the other
3 hand, defendants shall not be permitted to unreasonably exploit her sensitivity.  Balancing these
4 consideration, the Court shall GRANT IN PART and DENY IN PART plaintiff's motion for a
5 Protective Order.   Plaintiff shall be deposed in person, at a time and place of her choosing, in two
6 sessions of up to three hours each, not including time set aside for breaks.  Upon request, all attendees at
7 the deposition will wear protective clothing including face masks, gowns, gloves, and hair covers.  The
8 deposition shall be concluded by March 15, 2013.   The Court will extend the deadline for filing
9 dispositive motion s to May 15, 2013.

Dated this 21st day of February 2013.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 7