1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTYANNA KARPENSKI,

               Plaintiff,

           v.

AMERICAN GENERAL LIFE COMPANIES,
LLC, d/b/a AMERICAN GENERAL, et al.,

               Defendant.

CASE NO. C12-1569RSM

ORDER ON PENDING MOTIONS

     This matter is before the Court for consideration of several related motions filed by the parties: plaintiff's motion to seal documents filed in support of a motion for sanctions (Dkt. # 99), defendant United States Life Insurance Company's ("US Life's") motion for a protective order (Dkt. # 114), US Life's motion to seal documents filed in support of the motion for a protective order (Dkt. # 120), and defendant Seabury and Smith, Inc.'s motion for a protective order (Dkt. # 124).   The first three motions are directed to the same documents, and will be considered together.   The motions have been fully briefed and are ripe for decision.   Apart from one document which may remain under seal, the motions shall be either denied or stricken, as set forth more fully below.

## FACTUAL BACKGROUND

     Plaintiff Christyanna Karpenski filed this action for breach of contract, breach of the covenant of good faith and fair dealing (bad faith) and violation of the Washington Insurance Fair Conduct Act

ORDER - 1

("IFCA") in King County Superior Court.  Her claims arise from a group policy of disability insurance issued to plaintiff, as a member of the American Physical Therapy Association, by defendant United States Life Insurance Company ("US Life").   She applied for the policy on February 15, 2009, and the group policy was issued with an effective date of May 1, 2009.  Declaration of Kenan Loomis, Dkt. # 122, Exhibit 3.   Plaintiff subsequently submitted a notice of claim to the administrator in early June, 2009.  Complaint, ¶¶ 26-28.  She states that she did not receive the proof of claim form until mid-August, 2009.  *Id.*, ¶¶ 39-40.  She returned the proof of claim form, with a date of onset for her disability of May 5, 2009.  Declaration of Kenan Loomis, Dkt. # 122, Exhibit 1.

Defendant American General Life Companies ("American General") notified plaintiff that it would administer the claim, and then began an investigation, requesting on several occasions more medical documentation.  *Id*., Exhibit 7.  A contestable review was commenced pursuant to company policy, as the claim was filed shortly after coverage became effective.  *Id.*  A copy of the claims file was forwarded to defendants' Underwriting Department for this contestable review;  specifically it was sent to Underwriter Lydia Labinsky.   *Id*., Exhibit 6.

On May 11, 2010, American General wrote and advised plaintiff that her claim would not be approved.  *Id*., ¶ 87.   The letter noted several pre-existing conditions indicating a "history of joint and muskoskeletal [sic] disorders."  *Id., ¶* 89-80.  As plaintiff had not disclosed these conditions on her application, defendants declined to offer long-term disability benefits and rescinded the coverage.  *Id*., ¶ 91.

Plaintiff filed her complaint for breach of contract, bad faith, and violation of the IFCA in state court on August 15, 2012.  Defendants removed it to this Court and filed an answer with a counterclaim for declaratory relief, asking that the Court find that as a result of material representations on her application for disability insurance, the policy is void *ab initio* and should be rescinded.  Answer and Counterclaim, Dkt. # 6, ¶ 9.   Upon motion by defendants, the Court has bifurcated this case and has stayed discovery on plaintiff's bad faith and extra-contractual claims until the breach of contract and rescission claims have been resolved.  Dkt. # 41.

On May 2, 2013, plaintiff filed a motion for sanctions, asserting that defendants spoliated

ORDER - 2

documents by shredding them.  Specifically, plaintiff contended that "[Ms.] Labinsky shredded the claim file cover letter, the claim file documents reviewed, and the handwritten yellow sticky note with her recommendation and basis for rescission (collectively, "the Rescission file")."  Motion for Sanctions, Dkt. # 100, p. 8.  Plaintiff asked for dismissal of defendants' rescission claim as an appropriate sanction for the alleged spoliation.  To support her motion for sanctions, plaintiff filed eight documents under seal, Dkt. ## 100-107.[1]  Together with her motion for sanctions, plaintiff properly filed a motion to seal those supporting documents which were designated by defendants as "confidential" in discovery. Dkt. # 99.

Plaintiff's motion to seal was noted on the Court's calendar for May 10, 2013.  Pursuant to Local Rule LCR 7(d)(2), defendants' response was due May 8, 2013, and the response was timely filed by US Life that day.  Dkt. # 108.  Defendant US Life then filed a motion for a protective order on May 16, 2013, addressed to the documents filed under seal at Dkt. ## 101-106, and copied almost verbatim from defendants' response to the motion to seal.  Defendant US Life also filed a declaration with sealed copies of the documents at issue already filed under seal by plaintiff at Dkt. ## 101 - 106.  Dkt. # 119. The following day, May 17, defendants filed a motion to seal directed to the Dkt. # 119 documents. Dkt. # 120.  The following week, on May 22, 2013, defendants Seabury and Smith, Inc., filed a motion for a protective order directed to different documents.  Dkt # 124.

Plaintiff's motion for sanctions was denied on June 5, 2013.  Dkt. # 139.  The Court will now rule on the motions to seal and motions for protective orders.

DISCUSSION

The Court's rule on filing documents under seal states, in relevant part, as follows:

**(g) Sealing and Redacting of Court Records**

There is a strong presumption of public access to the court's files. This rule applies in all instances where a party seeks to overcome the policy and the presumption by filing a document under seal.

(1) A party must explore all alternatives to filing a document under seal.

---

[1] Two of these were identical copies of the motion for sanctions.  The Court subsequently struck the duplicate motion filed at Dkt. # 107.  Dkt. # 130.

ORDER - 3

(A) If the party seeks to file the document under seal because another party has designated it as confidential during discovery, the filing party and the designating party must meet and confer to determine whether the designating party will withdraw the confidential designation or will agree to redact the document so that sealing is unnecessary.

(B) Parties must protect sensitive information by redacting sensitive information (including, but not limited to, the mandatory redactions of LCR 5.2) that the court does not need to consider. A party who cannot avoid filing a document under seal must comply with the remainder of this rule.

(2) A party may file a document under seal in only two circumstances:

(A) if a statute, rule, or prior court order expressly authorizes the party to file the document under seal; or

(B) if the party files a motion or stipulated motion to seal the document before or at the same time the party files the sealed document. Filing a motion or stipulated motion to seal permits the party to file the document under seal without prior court approval pending the court's ruling on the motion to seal. The document will be kept under seal until the court determines whether it should remain sealed. A party filing a document under seal shall prominently mark its first page with the phrase "FILED UNDER SEAL."

(3) A motion to seal a document, even if it is a stipulated motion, must include the following:

(A) a certification that the party has met and conferred with all other parties in an attempt to reach agreement on the need to file the document under seal, to minimize the amount of material filed under seal, and to explore redaction and other alternatives to filing under seal; this certification must list the date, manner, and participants of the conference;

(B) a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary.

Where parties have entered a litigation agreement or stipulated protective order (*see* LCR 26(c)(2)) governing the exchange in discovery of documents that a party deems confidential, a party wishing to file a confidential document it obtained from another party in discovery may file a motion to seal but need not satisfy subpart (3)(B) above. Instead, the party who designated the document confidential must satisfy subpart (3)(B) in its response to the motion to seal or in a stipulated motion.

Local Rule LCR 5(g) (1) - (3).

The Court's rule on protective orders states, in relevant part:

**(c) Protective Orders**

(1) Any motion for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. If the movant fails to include such a certification, the court may deny the motion without

ORDER - 4

addressing the merits of the dispute. A good faith effort to confer requires a face-to-face meeting or a telephone conference. If the court finds that counsel for any party, or a party proceeding pro se, willfully refuses to confer, fails to confer in good faith, or fails to respond on a timely basis to a request to confer, the court may take action as stated in LCR 11 of these rules.

(2) Parties may file a proposed stipulated protective order to protect confidential, proprietary, or private information that warrants special protection. The court may enter a proposed stipulated protective order as an order of the court if it adequately and specifically describes the justification for such an order, it is consistent with court rules, it does not purport to confer blanket protection on all disclosures or responses to discovery, its protection from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle the parties to file confidential information under seal. Parties are encouraged to use this district's model protective order, available on the court's website. Parties that wish to depart from the model order must provide the court with a redlined version identifying departures from the model.

Local Rule LCR 26(c).   The cited model protective order contains the following language in the introductory paragraph:

The parties acknowledge that this agreement is consistent with LCR 26(c).  It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

Model Stipulated Protective Order, United States District Court for the Western District of Washington.

These local rules were adopted by the Court and went into effect on December 1, 2012.   The parties filed a proposed stipulated protective order on December 12, 2012, but it was not compliant with the local rule and was never signed or adopted by the Court.  Dkt. # 35.[2]  The Court did sign a Qualified Protective Order which was directed only to plaintiff's medical records.  Dkt. # 38.

   I.  Plaintiff's Motion to Seal, Defendants' Motion for a Protective Order, and Defendants' Motion to Seal (Dkt. ## 99, 114, and 120).

   Plaintiff properly filed a motion to seal documents (Dkt. ## 100 - 107) along with her motion for sanctions on May 2, 2013, but did not provide a supporting statement or declaration.  Dkt. # 99.  Instead, she advanced arguments why the documents, all of which were documents or depositions designated by defendants as "confidential," should not be deemed confidential.  Id., pp. 2-3.  In response to the motion,

---

[2] Although not adopted by the Court, the parties "Stipulated Agreement and Protective Order for Confidentiality of Information" is binding on the parties who signed it.

ORDER - 5

defendants assert that plaintiff "reneges on a Stipulation to treat three United States Life Insurance Company ("US Life") documents and testimony related to them as confidential. . . .  This is a transparent attempt to use confidential material in future litigation."  Defendants' Response, Dkt. # 108, p. 2.  Defendants then proceeded to present facts and legal authority to justify keeping the three US Life documents, and testimony discussing them, under seal.  *Id*.  Eight days later, while plaintiff's motion to seal was still pending, defendant US Life filed a motion for a protective order asking that the same three documents and related deposition testimony be filed under seal.  Motion for Protective Order and Proposed Order, Dkt. ## 114 and 114-1.  The motion is substantially an identical copy of defendants' response on the motion to seal.  *Compare*, Dkt. ##108 and 114.

US Life's motion for a protective order is improper.  The issue of sealing these three US Life documents and related testimony was already before the Court and fully briefed on the noting date, May 10, 2013.  Plaintiff did not "renege" on the parties' confidentiality agreement;  plaintiff properly filed a motion to seal the documents.  Pursuant to Local Rule LCR 5(g)(3)(B) it is incumbent upon defendants to provide the "specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary."  Local Rule LCR 5(g)(3)(B).  Defendants did so in their response.  They may not file a separate and redundant motion for a protective order directed to the same documents, thereby gaining two more "bites at the apple" with the motion and reply.  Their arguments were heard the first time, and the documents remain under seal until the Court has an opportunity to rule on plaintiff's motion.

US Life's motion for a protective order (Dkt. # 114) and corresponding (and untimely) motion to seal (Dkt. # 120) are accordingly STRICKEN from the Court's calendar.   The sealed documents filed by defendants with the motion to seal (Dkt. # 119) shall not be considered part of the record, and may remain under seal.

Turning to plaintiff's motion to seal, the Court notes that the motion for sanctions was itself filed under seal (twice, at Dkt. ## 100 and 107), despite the directive that "[o]nly in rare circumstances should a party file a motion, opposition, or reply under seal."  Local Rule LCR 5(g)(5).  Defendant presented no statement of reasons for keeping plaintiff's motion for sanctions under seal; the response does not

ORDER - 6

1    address it at all.  Dkt. # 108.  The motion for sanctions (both copies) shall accordingly be unsealed.

2            US Life's response asks that the Court maintain under seal three documents, together with related

3    testimony, because they were all designated as "confidential" in discovery.  Defendant's Response, Dkt.

4    # 108, p. 2.   The three documents listed by defendant are US Life's Contestable Investigation Checklist,

5    filed under seal by plaintiff at Dkt. # 104;  US Life's Records Retention Policy, filed under seal by

6    plaintiff at Dkt. # 106 (the filed document is actually labeled "Archived Business Policy for American

7    General");  and US Life's Underwriting Guideline pertaining to Somatoform Disorders, a copy of which

8    was not filed by plaintiff.   The remaining sealed documents, Dkt. ## 101, 102, 103, and 105, represent

9    deposition testimony by defendants' agents or employees which mentions the confidential documents.

10   US Life asserts that all of these documents should be maintained under seal because (1) "the parties

11   stipulated that documents designated as 'Confidential' would be treated as such and filed under seal,"

12   and (2) "the information at issue is confidential and proprietary and should be protected."  US Life's

13   Response, Dkt. # 108, p. 2.   As to reason (1), the Court's LCR 26(c)(2) should dispel any expectation

14   that simply designating a document as "confidential" is sufficient to justify sealing.  As to reason (2), to

15   assert that the information is confidential because US Life has designated it as confidential simply states

16   a tautology.  The Court therefore addresses only US Life's assertion that the documents are

17   "proprietary."

18           The courts have long recognized "general right to inspect and copy public records and documents,

19   including judicial records and documents."  *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597 &

20   n. 7 (1978).  Unless a particular court record is one "traditionally kept secret," there is a "strong

21   presumption in favor of access" to the record.  *Kamakana v. City and County of Honolulu*, 447 F.3d

22   1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mutual Automobile Insurance Company*, 331 F.3d

23   1122, 1135 (9th Cir. 2003).

24           This strong presumption applies in particular to dispositive pleadings, including motions to

25   dismiss or for summary judgment.  *Foltz*, 331 F. 3d at 1136.  Courts adopted this principle because "the

26   resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest

27   in ensuring the 'public's understanding of the judicial process and of significant public events.'"

28    ORDER - 7

1    *Kamakana*, 447 F.3d at 1179 (quoting *Valley Broadcasting Co. v. U.S. Dist. Court for Dist. of Nevada*,

2    798 F.2d 1289, 1294 (9th Cir. 1986)).  Thus, a party seeking to seal a judicial record attached to a

3    dispositive motion or presented at trial must articulate "compelling reasons" in favor of sealing. *See*

4    *Kamakana* at 1178.  The motion for sanctions filed by plaintiff is a dispositive motion, as it sought

5    dismissal of defendant's counterclaim for rescission.   The "compelling reasons" standard is the one that

6    shall apply here.

7        "The mere fact that the production of records may lead to a litigant's embarrassment,

8    incrimination, or exposure to further litigation will not, without more, compel the court to seal its

9    records." *Kamakana* at 1178 citing *Foltz*, 331 F.3d at 1136).  "In general, 'compelling reasons' ... exist

10    when such 'court files might have become a vehicle for improper purposes,' such as the use of records to

11    . . .  release trade secrets." *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598).   US Life would apparently have

12    the Court equate its "proprietary" information with a trade secret.  There is no basis for doing so.  As a

13    judge of this Court has observed, the Ninth Circuit has adopted the Restatements' definition of  "trade

14    secret" for purposes of sealing, holding that "[a] 'trade secret may consist of any formula, pattern, device

15    or compilation of information which is used in one's business, and which gives him an opportunity to

16    obtain an advantage over competitors who do not know or use it." *Microsoft v. Motorola*, 2012 WL

17    5476846 at * 1 (W.D.Wash.) (quoting  *In re Electronic Arts*, 298 Fed. App'x 568, 569-70 (9th Cir. 2008)

18    (quoting Restatement of Torts § 757, comment  b).  Further, "compelling reason" may exist if sealing is

19    required to prevent judicial documents from being used " 'as sources of business information that might

20    harm a litigant's competitive standing.'" *Id*. at 569 (9th Cir.2008) (citing *Nixon*, 435 U.S. at 598).

21        In support of maintaining the documents under seal, US Life has presented the declaration of

22    Wesley Jarvis, an employee of AIG Benefits Solutions, "which is related to . . . US Life."  Declaration of

23    Wesley Jarvis, Dkt. # 110.  As to US Life's Contestable Investigation Checklist, Mr. Jarvis states that

24    users of the checklist must "retain it in strict confidence" and that disclosure of the checklist to US Life's

25    competitors would harm US Life's competitive advantage in the insurance industry." *Id*., ¶ 4.  As

26    examples of such competitive harm, Mr. Jarvis states that "competitors who obtained this checklist would

27    know the amount of time US Life strives to complete various portions of the contestable claim process,

28    ORDER - 8

1   and could identify those documents which US Life contends are significant in conducting a contestable

2   review." *Id.*  Further, it would "advise competitors of the various roles certain US Life employees play

3   in the contestable review process and would reveal the levels of review conducted by US Life in

4   determining whether a rescission is appropriate." *Id.*   Policy and procedure manuals on investigative

5   processes have been found confidential for the same reasons asserted by Mr. Jarvis. *Stout v. Hartford*

6   *Life and Accident Ins. Co*., 2012 WL 6025770 at * 1 (N.D.Cal.).  The Court will adopt this reasoning and

7   allow the Contestable Investigation Checklist to remain under seal at this time.  However, the

8   "compelling reason" analysis with respect to the public's interest in the judicial process would change if

9   this document is again placed at issue in the claims handling stage of these bifurcated proceedings.

10  Moreover, only the document itself is deemed proprietary information; the testimony of US Life's

11  employees about this checklist is not entitled to protection and shall be unsealed.

12          Mr. Jarvis states that the Archived Business Policy for American General "is likewise a

13  proprietary commercial document resulting from US Life's many years of experience and expertise in the

14  insurance industry."  Declaration of Wesley Jarvis, Dkt. # 110, ¶ 6.  However, he does not state that it is

15  held in the strictest confidence within the company, or that employees are forbidden to make copies or

16  otherwise disseminate the information.  And although he asserts that "[d]iscovery of this document by

17  competitors would tell them precisely which files are maintained by US Life and for what period of

18  time," he fails to demonstrate how that discovery could lead to competitive harm.

19          With respect to this document, Mr. Jarvis's arguments fail to demonstrate a compelling basis to

20  overcome the public interest in access to judicial records.  The Court is not convinced that this policy on

21  records retention qualifies as a source of business information that might harm US Life's competitive

22  standing.  Insurance company documents which simply reflect their routine business practices, common

23  to all such companies, have not been found worthy of being shielded from public view. *See, e.g.,*

24  *Tavakoli v. Allstate Property & Casualty Insurance Company*, 2012 WL 1903666 (W.D.Wash.).

25  Therefore neither the Archived Business Policy nor the testimony discussing it shall remain under seal.

26          Finally, Mr. Jarvis addresses US Life's underwriting guidelines for Somatoform Disorders,

27  stating reasons why it should be protected from public disclosure.  However, plaintiff did not file a copy

28  ORDER - 9

1  of this document with the motion to sanctions, so the Court need not determine whether it may remain

2  under seal.  Further, as set forth above, even if the document were to be deemed a trade secret, the

3  corresponding testimony is not.  The deposition testimony shall accordingly be unsealed.

4      II.  <u>Defendant Seabury & Smith, Inc.'s Motion for a Protective Order</u> (Dkt. # 124)

5      Defendant Seabury& Smith, Inc. ("Seabury") has moved for a protective order, naming the

6  documents at issue as Seabury's Records Retention Policy, and testimony concerning either the contents

7  of the Records Retention Policy or the contents of Seabury's Claims Procedures.  Dkt. # 124, p. 2.

8  Although plaintiff has not filed or attempted to file these documents in the record, apparently the parties

9  have a dispute over whether these documents are properly designated as confidential by defendants.

10  Seabury represents that the dispute does not include the Claims Procedures document itself.

11      As the disputed documents themselves have not been filed, the Court cannot apply the standards

12  set forth above for determining whether a document may remain under seal.  Instead, Seabury is asking

13  the Court to enforce the terms of the parties' stipulated agreement for confidentiality of information.  As

14  noted above, this proposed protective order was not adopted by the court, as it does not comply with

15  Local Rule LCR 26(c)(2).   It is, however, binding between the parties.

16      The Court will not make prospective rulings on confidentiality of documents which have not been

17  and may never be filed in this case.  The parties have not explained how the Seabury document retention

18  policy is relevant to any issues remaining in this case, and the Court expects that it will not be filed in

19  support of a motion for summary judgment on plaintiff's contract claims or defendants' rescission

20  claims.[3]  If the document is not filed, plaintiff is bound by the parties' agreement to maintain its

21  confidentiality as provided in the parties' agreement.  As to the testimony about the contents of both the

22  document retention policy and Seabury's claims procedures, the above analysis applies.  Testimony

23  about

24  a company policy or procedure will not be maintained under seal, absent a far more specific

25  demonstration of compelling reasons to overcome the public interest in access to judicial records.

26  _____

27      [3] Documents, whether confidential or not, may not be gratuitously filed with a motion unless the documents are cited in the motion and relied upon for a factual or legal argument.

28  ORDER - 10

III.  <u>Additional Findings</u>

The parties are burdening the Court with unnecessary motion practice and mis-filing of documents.  US Life's redundant motion for a protective order is an example of an unnecessary motion. This is the second such unnecessary motion filed by defendant.  *See*, Order on Motion to Strike, Dkt. # 40.   In addition, defendants filed a duplicate copy of the US Life's motion for a protective order at Dkt. # 117, improperly indicating on the docket that it was a motion to seal.  The actual motion to seal was then filed at Dkt. # 120, one day after the filing of the sealed document to which it is directed.  Dkt. # 119. Similarly, plaintiff filed duplicate sealed copies of her motion for sanctions at Dkt. ## 100 and 107.

Each duplicate or mis-identified document unnecessarily consumes extra Court time to open, print, and read the document.  If the parties are able to exercise greater care in filing their motions, memoranda, and supporting documents in the future, the Court may consider imposing sanctions.

CONCLUSION

Plaintiff's motion to seal documents filed in support of the motion for sanctions (Dkt. # 99) is GRANTED IN PART and DENIED IN PART.  The Clerk shall **maintain under seal** the Contestable Investigation Checklist, filed at Dkt. # 104.  The Clerk shall **unseal** the motion itself (Dkt. ## 100 and 107), together with the remainder of the supporting documents (Dkt. ## 101, 102, 103, 105, and 106).

Defendant US Life's motion for a protective order (Dkt. # 114)  is STRICKEN as redundant and improper.  The motion to seal documents filed in support of the motion for a protective order (Dkt. # 120) is also STRICKEN as moot (and untimely).  As the Court has not considered this motion, the Clerk shall **maintain under seal** the associated document filed at Dkt. # 119.

Defendant Seabury's motion for a protective order (Dkt. # 124) is DENIED.

Dated this 20th day of June 2013.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 11