THE HONORABLE RICARDO S. MARTINEZ

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTYANNA KARPENSKI,<br><br>　　Plaintiff,<br><br>　　v.<br><br>AMERICAN GENERAL LIFE COMPANIES, LLC, D/B/A AMERICAN GENERAL, D/B/A/ AG BENEFIT SOLUTIONS CONNECTICUT CLAIM CENTER; THE UNITED STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK, D/B/A US LIFE; AND SEABURY & SMITH, INC., D/B/A MARSH U.S. CONSUMER, D/B/A MARSH AFFINITY GROUP SERVICES,<br><br>　　Defendants. | Case No. 2:12-cv-01569-RSM<br><br>**PLAINTIFF'S LCR 7(g) SURREPLY**<br><br>**NOTE ON MOTION CALENDAR: JULY 26, 2013** |

PLAINTIFF'S SURREPLY RE DEF.S' MOT. FOR SUMM. J.
*Karpenski v. Am. Gen. Life Co., LLC, et al.*
Case No. 2:12-cv-01569-RSM
Page 1

FRIEDMAN | RUBIN®
1126 Highland Avenue
Bremerton, Washington 98337
(360) 782-4300

## INTRODUCTION AND RELIEF REQUESTED

In their reply, defendants filed improper jurats, new material (roughly 92 pages of new exhibits), made new arguments not raised in their opening brief, and moved to strike valid evidence. *See* Praecipe to Defs' Reply to Pl's Opposition to Def.s' Mot. for Summ. J.  (ECF No. 174-1; 175 – 1-3.)  Pursuant to LCR 7(g), Plaintiff Christyanna Karpenski moves the Court to strike the improper evidence and new arguments filed by defendants in their reply.

## LEGAL AUTHORITY AND ARGUMENT

"As this Court has determined on many occasions, it is not appropriate to raise an issue for the first time in a reply brief." *Wood v. Household Finance Corp.*, 341 B.R. 770, 773 (W.D. Wash. 2006) (citations omitted); *see also Quinstreet, Inc. v. Ferguson*, No. 008-5525-RJB, 2008 WL 5102378, at *4 (W.D. Wash. 2008) ("A movant may not raise new facts or arguments in his reply brief") (citations omitted).  An underlying policy of fairness is reflected in the general rule that forbids new evidence and different legal arguments in reply briefs.  *Wood*, 341 B.R. at 773 (raising new evidence and new issues for the first time in a reply brief "essentially prevents plaintiff from providing any response.").  S*ee also United States v. Puerta*, 982 F.2d 1297, 1300 n. 1 (9th Cir. 1992) (As a general rule, "[n]ew arguments may not be introduced in a reply brief.").  Defendants know they should not violate this rule. *See* Defs' Surreply of Jan. 29, 2013, 2:10-11 (ECF No. 64) (same defendants arguing that a party "cannot raise in a reply brief new evidence that was not raised in the initial motion").

**1. The Erratas/Jurats that contradict prior testimony should be stricken.**

Plaintiff moves this Court to strike defendants' erratas/jurats for Wesley Jarvis and Lydia Labinksy.  *See* Loomis Decl., Ex. 2, Jarvis Jurat, May 20, 2013 (ECF No. 122-1); Loomis Decl., Labinsky Jurat, Ex. 1, July 8, 2013 (ECF No. 152-1); Loomis Decl., Ex. 3, Jarvis Jurat, July 16, 2013 (ECF No. 159-1).  For Karpenski's position concerning the Ninth Circuit holding that depositions are not take home examinations in determining that Rule 30(e) is to be used for corrective, and not contradictory, changes, see plaintiff's Reply Brief in Support of Motion for Partial Summary Judgment.  *See* Pl.'s Reply Br., 3:1 – 4:9 (ECF No. 155).

PLAINTIFF'S SURREPLY RE DEF.S' MOT. FOR SUMM. J.
*Karpenski v. Am. Gen. Life Co., LLC, et al.*
Case No. 2:12-cv-01569-RSM
Page 2

FRIEDMAN | RUBIN®
1126 Highland Avenue
Bremerton, Washington  98337
(360) 782-4300

**2. The new evidence should be stricken.**

In their reply, Defendants improperly attempt to introduce roughly 92 pages of new evidence, including the following exhibits:

- Exhibit 1, Allmon Dep. of Feb. 13, 2013 (ECF No. 175-2);
- Exhibit 2, American General letter dated June 3, 2010 (ECF No. 175-2);
- Exhibit 3, Karpenski letter dated October 15, 2010 (ECF No. 175-2);
- Exhibit 4, Karpenski letter dated March 15, 2011 (ECF No. 175-2);
- Exhibit 5, Defendants' Privilege Log (ECF No. 175-2);
- Exhibit 6, Labinsky Dep. of Jan. 30, 2013 (US Life underwriter testimony demonstrating no basis for rescission other than alleged musculoskeletal disorders) (ECF No. 175-3);
- Exhibit 7, Jones letter dated June 3, 2013 (ECF No. 175-3);
- Exhibit 8, defendants' discovery responses (showing failures to respond to plaintiff's requests relating to defendants' affirmative defenses) (ECF No. 175-3);
- Exhibit 9, Karpenski Dep. of June 3, 2013 (ECF No. 175-3);
- Exhibit 10, Karpenski Dep. of June 12, 2013 (ECF No. 175-3).

Because defendants failed to introduce this new evidence in their opening brief, it should be stricken from their reply. Defendants' references to this new evidence should also be stricken as improper because they are made for the first time in the reply. *See* Defs' Reply, 1:22 – 2:2 (referencing new evidence, Exhibits 1-4); 5:1-20 (referencing new evidence, Exhibits 5-6); 7:8-14 (referencing new evidence, Exhibits 7-8); 11:25 – 12:3 (referencing new evidence, Exhibit 9); 12:9-14 (referencing new evidence, Exhibit 10).

**3. New arguments should be stricken.**

Also for the first time in reply, defendants make a new argument that a Virginia statute allows them to avoid the consequences of violating Washington law. *Id.* at 1:10 – 2:15 (arguing for the first time that "Virginia Law Governs the Policy's Provisions"). Defendants are wrong and their new argument should be stricken. *See* Pl.'s Opp'n, 7:20 – 12:6 (ECF No. 170). Defendants do ask this Court to make a choice of law ruling, but even if they did, Washington and Virginia do not have conflicting laws on this issue. Moreover, application of Virginia law to a Washington insured violates the fundamental public policy of this forum state. *Cf. Whitaker v. Spiegel, Inc.*, 95 Wn.2d 408, 623 P.2d 1147, 1150 as amended 95 Wn.2d 661, 637 P.2d 235 (1981) (citations omitted).

PLAINTIFF'S SURREPLY RE DEF.S' MOT. FOR SUMM. J.
*Karpenski v. Am. Gen. Life Co., LLC, et al.*
Case No. 2:12-cv-01569-RSM
Page 3

FRIEDMAN | RUBIN®
1126 Highland Avenue
Bremerton, Washington 98337
(360) 782-4300

1    Defendants also attempt to introduce for the first time substantive case law arguments not
2 raised in their opening brief; these improper new arguments should be stricken at 2:9-15 (referencing
3 *Breault v. Berkshire Life Ins. Co.*, 821 F. Supp. 410 (E.D. Va. 1993)); 8:16-18 (referencing *Cohen v.
4 Wash. Nat'l Ins. Co.*, 95 Ill. App. 3d 517 (1988)); 1:12-14 (referencing *Erickson v. Century Life Ins.
5 Co.*, 443 Wn. App. 651 (1986)); 8:7-12 (referencing *Gasaway v. Northwestern Mut. Life Ins. Co.*, 26
6 F.3d 957 (9th Cir. 1994)); 8:12-13 (referencing *Hafiz v. Metropolitan Life Ins. Co.*, 390 Fed. Appx.
7 671 (9th Cir. 2010)); 9:9-11 (referencing *Rowley v. USAA Life Ins. Co.*, 670 F. Supp. 2d 1199 (W.D.
8 Wash. 2009)); 4:1-7 (referencing *State v. Guerrero*, 163 Wn. App. 773 (2011)); and 8:13-16
9 (referencing *Superior Dispatch, Inc. v. Insurance Corp. of New York*, 181 Cal. App. 4th 175 (2010)).

10   **4. Misrepresentations of evidence should be stricken**

11    Rule 11(b)(3) requires that factual contentions have evidentiary support. Defendants
12 fabricate, or grossly misrepresent, Seattle-area witness testimony. The defendants'
13 misrepresentations should be stricken at Def.s' Reply, 12:7-8; and 11:12-14. *Cf.* Def.s' Reply, 12:7-
14 8 (defendants incorrectly aver that plaintiff "has conceded that [the first premium] was paid after she
15 received her Welcome Package") (ECF No. 174-1), with plaintiff's *actual testimony*, Karpenski
16 Dep., pp. 192-94 (she does *not* know when it was paid) (ECF No. 146 [filed under seal]; ECF No.
17 175-3); *cf.* Def.s' Reply, 11:12-14 (defendants fabricate testimony by falsely quoting Seattle-area
18 doctor, Nina Paroo, by stating she testified that plaintiff had "an emotional problem that required
19 treatment by a psychotherapist") (ECF No. 174-1), with Dr. Paroo's *actual testimony*, in which *she
20 did not say that about the plaintiff* (ECF No. 146 [filed under seal]; ECF No. 162 [filed under seal],
21 ¶¶ 4, 11). Defendants' fabrications or misrepresentations of witness testimony should be stricken.

22   **5. Defendants Motion to Strike should be denied.**

23    Finally, Defendants move to strike the plaintiff's medical declarations submitted in
24 opposition to defendants' motion. The medical declarations show how groundless the defendants'
25 spurious medical history allegations are. Defendants' motion lacks merit. The medical
26 declarations submitted in opposition are based on the personal and professional experiences of the
27 plaintiff's medical providers (Pierce, Hall, Paroo, Schliiter, and Jackson); professional colleagues
28 well-acquainted with plaintiff's pre-disability good health and condition (DaSilva, Pierce); full-

PLAINTIFF'S SURREPLY RE DEF.S' MOT. FOR SUMM. J.
*Karpenski v. Am. Gen. Life Co., LLC, et al.*
Case No. 2:12-cv-01569-RSM
Page 4

FRIEDMAN | RUBIN®
1126 Highland Avenue
Bremerton, Washington 98337
(360) 782-4300

1 time caregiver and husband, who has personal knowledge of plaintiff's pre-disability good health
2 and condition (Allmon), and the plaintiff herself, who naturally has extensive knowledge of her
3 own pre-disability good health and condition (Karpenski). Defendants' motion should be denied.

DATED this 31st day of July, 2013.

FRIEDMAN | RUBIN®

By: /s/ Sean J. Gamble
Sean J. Gamble, WSBA No. 41733
sgamble@friedmanrubin.com
51 University Street, Suite 201
Seattle, Washington 98101
(206) 501-4446

*Attorneys for Christyanna Karpenski*

PLAINTIFF'S SURREPLY RE DEF.S' MOT. FOR SUMM. J.
*Karpenski v. Am. Gen. Life Co., LLC, et al.*
Case No. 2:12-cv-01569-RSM
Page 5

**FRIEDMAN | RUBIN**®
1126 Highland Avenue
Bremerton, Washington 98337
(360) 782-4300

**CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of July, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Michael D. Handler, Esq.
Cozen O'Connor
1201 Third Avenue
Suite 5200
Seattle, WA  98101-3071

Kenan G. Loomis, Esq.
Alycen A. Moss, Esq.
Cozen O'Connor
303 Peachtree St., N.E., Suite 2200
Atlanta, Georgia 30308

By:      /s/  Alicia S. Stanley
              Paralegal

PLAINTIFF'S SURREPLY RE DEF.S' MOT. FOR SUMM. J.
*Karpenski v. Am. Gen. Life Co., LLC, et al.*
Case No. 2:12-cv-01569-RSM
Page 6

FRIEDMAN | RUBIN®
1126 Highland Avenue
Bremerton, Washington  98337
(360) 782-4300