UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTYANNA KARPENSKI,<br><br>      Plaintiff,<br><br> v.<br><br>AMERICAN GENERAL LIFE COMPANIES, LLC, d/b/a AMERICAN GENERAL, d/b/a AG BENEFIT SOLUTIONS CONNECTICUT CLAIM CENTER; THE UNITED STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK, d/b/a US LIFE; and SEABURY & SMITH, INC., d/b/a MARSH U.S. CONSUMER, d/b/a MARSH AFFINITY GROUP SERVICES<br><br>      Defendants. | Case No. 2:12-cv-01569RSM<br><br>ORDER ON MOTIONS TO SEAL |

  THIS MATTER is before the Court for consideration of parties' two motions to file medical documentation under seal. Dkt. ## 148, 160. On July 3, 2013, Defendants moved to file 32 exhibits under seal, including medical records and related deposition testimony, in support of Defendants' motion for summary judgment. Dkt. # 148. Plaintiff has filed a response in support of Defendants' motion to seal. On July 22, 2013, Plaintiff filed a motion to seal 8 declarations "of her past and present health care providers" in support of Plaintiff's opposition to Defendant's motion for summary judgment. Dkt. # 160. The following discussion applies to both motions to seal.

  The local rules of this District recognize a strong presumption in favor of public access to the Court's files. Local Rules W.D. Wash. LCR 5(g). The Ninth Circuit has also

ORDER ON MOTIONS TO SEAL - 1

recognized a strong presumption of public access to documents attached to dispositive motions. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Unlike the lesser "good cause" standard for non-dispositive motions, parties must meet a "compelling reasons" standard to obtain a court order sealing documents attached to a summary judgment or other dispositive motion. *See id.* at 1177-79; *Foltz v. State Farm Mutual Automobile Insurance Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003). To induce this Court's protection, "the party must 'articulate[] compelling reasons supported by specific factual findings,' that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1179 (internal citations omitted). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 599 (1978).

The need to protect medical privacy qualifies in general as a "compelling reason." *G. v. Hawaii*, 2010 WL 2607483 (D.Haw. 2010)(sealing deposition testimony under the "compelling reasons" standard because they contain information about Plaintiffs' medical conditions and treatment); *Abbey v. Hawaii Employers Mut. Ins. Co.*, 2010 WL 4715793 (D.Haw. 2010); *Lombardi v. TriWest Healthcare Alliance Corp*, 2009 WL 1212170, at *1 (D.Ariz. 2009). In cautioning parties against filing motions and memoranda under seal, this Court has previously announced that "plaintiff's medical records and declarations by her treating physicians are entitled to protection." Dkt. # 71, p. 3. Although the Plaintiff has put her health at issue in this lawsuit, she is nonetheless entitled to the Court's protection of sensitive medical information whose privacy is ensured by Federal law. *See Health Insurance Portability and Accountability Act (HIPAA)*, Pub.L. 104-191 (1996)(regulating use and disclosure of "Protected Health Information.").

In their motion to seal, defendants refer to the parties' Qualified Protective Order (Dkt. # 38) as providing the basis for sealing documents that relate to Plaintiff's physical and

ORDER ON MOTIONS TO SEAL - 2

mental condition and the provision of care. Dkt. # 148. The Qualified Protective Order incorporates definitions and rules regarding transmission of "Protected Health Information" borrowed from HIPAA. Dkt. # 38, p. 2. However, as this Court has previously explained, this agreed protective order does not presumptively entitle the parties to file all information they have designated as confidential under seal. Dkt. # 71, p. 3. *See* Local Rules W.D. Wash. LCR 26(c)(2). While the parties may agree upon confidentiality among themselves, they must make the requisite showing of "compelling reasons" as to each document in support of a dispositive motion in order to justify sealing.

Based on an *in camera* review of all documents filed under seal, the Court finds that some but not all of the documents contain protected medical information that entitle them to the Court's protection. The Court finds that all of the exhibits at Dkt. # 150, which Defendants move the Court to seal with support of Plaintiff, are entitled to such protection, as they contain either copies of Plaintiff's private medical records or deposition testimony making direct, explicit, and detailed reference to the information contained in Plaintiff's medical records. Likewise, the Court will allow Plaintiff to file under seal the medical record from Plaintiff's treating health care provider filed at Dkt. # 165, Ex. A.

By contrast, the Court finds that all of the exhibits that Plaintiff moves to seal, excepting Dkt. # 165, Ex. A, are not entitled to such protection. The DaSilva Declaration contains information solely related to Plaintiff's work history and abilities and does not contain protected medical information. Dkt. # 163. Likewise, the Allmon and Karpenski Declarations are not those of a treating physician, contain conclusory statements about Plaintiff's medical history or statements that are already publicly accessible in previous filings, and do not make sufficiently explicit reference to Plaintiff's medical records to entitle them to protection. Dkt. ## 167, 168. The five declarations by Plaintiff's treating physicians filed under seal are distinguishable from those that this Court has allowed the parties to file under seal. Unlike declarations that make explicit reference to private information contained in Plaintiff's medical records, these declarations contain only broad and conclusory

statements that, for the most part, deny that Plaintiff possesses or has been treated for specified medical conditions. Plaintiff is not entitled to file under the guise of confidentiality declarations by treating physicians that do not themselves contain protected medical information.

Accordingly, Defendants' motion to seal (Dkt. # 148) is GRANTED and Plaintiff's motion to seal is GRANTED in part and DENIED in part. The Clerk is directed to **maintain under seal** all 32 exhibits at Dkt. # 150. The Court is further directed to **maintain under seal** Dkt. # 165, Ex. A. The Clerk shall **unseal** the declarations filed at Dkt. ## 161-168, excepting Dkt. # 165-1.

DATED this 9 day of October 2013.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE