IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTYANNA KARPENSKI,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN GENERAL LIFE COMPANIES, LLC, D/B/A AMERICAN GENERAL, D/B/A/ AG BENEFIT SOLUTIONS CONNECTICUT CLAIM CENTER; THE UNITED STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK, D/B/A US LIFE; AND SEABURY & SMITH, INC., D/B/A MARSH U.S. CONSUMER, D/B/A MARSH AFFINITY GROUP SERVICES,<br><br>    Defendants. | Case No. 2:12-cv-01569-RSM<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND CASE DEADLINES, OR IN THE ALTERNATIVE, STAY ALL DEADLINES** |

This matter comes before the Court on Plaintiff's Motion to Extend Case Deadlines, or in the Alternative, Stay All Deadlines. Dkt. # 181. The Court previously bifurcated and stayed discovery on Plaintiff's bad faith and extra-contractual claims ("Phase I" claims), pending possible resolution of breach of contract and rescission claims ("Phase II" claims) (Dkt. # 41), and entered a stipulated Scheduling Order on March 3, 2013 establishing new case deadlines. Dkt. # 72. Following the Court's decision to set a hearing on January 7, 2014 for oral arguments on the parties' motions for summary judgment, Plaintiff moves the Court to extend or stay all case deadlines until the Court rules on summary judgment. Defendants agree that extension of most deadlines is warranted but argue against extending the deadline for disclosure of expert witnesses relevant to Phase I claims. Dkt. # 182. For the reasons set forth herein, the Court grants

ORDER CONTINUING CASE DEADLINES - 1

Plaintiff's motion so as to continue all case deadlines until the Court has entered a decision on pending motions for summary judgment.

## Discussion

This case involves claims for breach of contract, breach of covenant of good faith and fair dealing ("bad faith"), violation of the Washington Insurance Fair Conduct Act, and Defendants' Counterclaim for rescission, all arising out of a policy of disability insurance issued to Plaintiff by Defendant United State Life Insurance Company. Following its Order bifurcating and staying Plaintiffs' bad faith and extra-contractual claims, the Court entered a Scheduling Order on stipulation of the parties granting their joint motion to extend all deadlines. Dkt. # 72. The Order delineated particularized deadlines for Plaintiff's Phase I deposition sessions and Phase I dispositive motions, with which the parties have complied. *Id*. at p. 2. The remainder of the Order provided trial-related deadlines without specifying whether they were relevant to Phase I, Phase II, or both phases jointly. *Id*.

Plaintiff now seeks to extend or stay all case-related deadlines, beginning with the deadline for reports from expert witnesses under FRCP 26(a)(2), arguing that the Court never distinguished between Phase I and Phase II with regards to these deadlines and should not now do so. *See* Dkt. # 184, p. 4. In their response, Defendants attempt to interject distinctions between expert witness and discovery deadlines for Phase I and Phase II, arguing that only the latter should be extended. *See* Dkt. # 182.

The Court finds that its Scheduling Order of March 3, 2013 drew distinctions between Phase I and Phase II deadlines only with regards to deposition sessions and dispositive motions. *See* Dkt. # 172. The Order, entered upon stipulation of the parties, did not provide notice that the remaining deadlines would operate differently for the two trial phases. Similarly, the Court's Order bifurcating and staying discovery on extra-contractual claims was intended to focus the parties on motions practice and discovery related to Phase I claims, the resolution of which could be dispositive of the entire case. *See* Dkt. # 41, at pp. 3-4. It did not contemplate different

deadlines for the two Phases beyond the summary judgment stage. As the Court did not delineate specific Phase I deadlines beyond the dispositive motions deadline, it declines to do so now so as to avoid causing prejudice to Plaintiff by foreclosing Phase I discovery without prior notice.

It is axiomatic that the trial court has inherent authority "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936). In the instant matter, continuing all case deadlines is both prudent to conserve judicial resources and necessary in light of the Court's previously entered stay on Phase II discovery. With regards to Phase I claims, good cause exists to continue case deadlines so as to allow the parties to proceed toward trial preparation only with those claims, if any, that survive summary judgment. With regards to Phase II claims, continuance is necessary as these will either be resolved through pending summary judgment or will be ripe for discovery once the Court's stay is lifted following resolution of Phase I claims.

## Conclusion

For the reasons stated herein, it is accordingly ORDERED that Plaintiff's motion to extend case deadlines is GRANTED in the following manner: all case-related deadlines established in the Court's Scheduling Order of March 3, 2013 (Dkt. # 72), beginning with the October 31, 2013 deadline for reports from expert witnesses, are CONTINUED pending the Court's resolution of the parties' motions for summary judgment. The Court shall enter a new scheduling order resetting case-related deadlines upon entering its decision on summary judgment.

DATED this 19 day of November 2013.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE